IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS TRIBUNE, MANO AMIGA, and CALDWELL/HAYS EXAMINER, <br><br> Plaintiffs, <br><br> v. <br><br> CALDWELL COUNTY, TEXAS, <br><br> TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, <br><br> MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and <br><br> MIKE LANE, in his official capacity as the Sheriff of Caldwell County, <br><br> Defendants. | Civil Action No. 1:23-cv-910 <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.      Open courtrooms are a hallmark of the American judicial system and American democracy, yet in Caldwell County, and across much of Texas, bail-setting hearings—commonly referred to as "magistration"—take place behind closed doors. Caldwell County's magistrates ("Magistrates") and sheriff ("Sheriff") close all such proceedings to the press and public without notice or an opportunity to be heard and without providing any justification. The closure of these critically important hearings, which determine whether the presumptively innocent will retain their liberty pending trial, violates the First Amendment right of access of the press and public, as well as their Fourteenth Amendment right to notice and an opportunity to be heard. Plaintiffs—state

and local publications and a criminal justice organization—bring this suit to vindicate the constitutional right of access to bail-setting hearings in Caldwell County.

2.     Since the founding of the country, public access to criminal proceedings has promoted the informed discussion of governmental affairs by providing the public with a more complete understanding of the judicial system. Openness has also restrained possible abuses of judicial power, increased the likelihood that witnesses unknown to the parties will come forward, helped ensure the fairness and integrity of the evidentiary process, such as by discouraging perjury, and promoted the conscientious performance of all participants in the proceedings. Public access has also fostered the appearance of fairness, which has in turn heightened public respect for the judicial process, because even those who do not actually attend criminal proceedings can have confidence that standards of fairness will be observed.

3.     These societal interests are so important that the Supreme Court has long recognized a First Amendment right of access to criminal trials and pretrial proceedings. Every federal and state appellate court to address the question, including the Fifth Circuit, has held that the press and public have a First Amendment right of access to bail hearings. These hearings are of great significance not only because they determine whether the presumptively innocent will be incarcerated pending trial, but also because pretrial incarceration exerts great pressure on defendants to plead guilty. As the Supreme Court observed over a decade ago, "criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, 566 U.S. 156, 170 (2012). For most defendants, bail hearings are the only time they will appear before a judicial officer prior to entering a plea.

4.     The First Amendment right of access to a criminal proceeding can be overcome only if the court, in the specific case before it, finds that the contemplated closure is narrowly

tailored to serve a compelling interest, and that reasonable alternatives to closure would be inadequate. The court must make these findings on the record and with sufficient specificity to permit appellate review.

5.      Notwithstanding the First Amendment right of access to bail hearings, Caldwell County's five Magistrates have adopted a policy of categorically closing all magistration proceedings to the press and public, and the County Sheriff has enforced this blanket closure policy by denying access to all would-be observers. This closure policy applies whether the arrestee is brought before the Magistrate in person or, as is often the case, via videoconference.

6.      The Caldwell County Magistrates' blanket closure policy violates the First Amendment right of access many times over. First, magistration proceedings must be presumptively open to the public, with closure permitted only in exceptional circumstances. Second, Magistrates may consider closure only on a case-by-case basis. They cannot do so categorically. Third, the Magistrates have failed to provide the press and public with notice and an opportunity to be heard prior to the closure of any arrestee's magistration. This failure violates both the First and Fourteenth Amendments. Fourth, the Magistrates have not determined that the closure of any particular magistration is narrowly tailored to serve a compelling interest, nor have they considered reasonable alternatives to closure. And finally, the Magistrates have not made any on-the-record findings justifying the closure of a magistration proceeding, much less findings specific enough to permit appellate review.

7.      Plaintiffs in this action—The Texas Tribune, Mano Amiga, and Caldwell/Hays Examiner—have requested that Defendants comply with the First Amendment by providing access to magistration and rescinding their blanket closure policy. Defendants have failed to

respond, even after receiving Plaintiffs' follow-up communication informing them that Plaintiffs would deem their failure to respond a refusal.

8.      Plaintiffs seek a declaratory judgment that Defendants' categorical closure of magistration proceedings violates the First and Fourteenth Amendments, as well as injunctive relief requiring Defendants to open all magistration proceedings to the public, with closure of any individual proceeding permitted only if all constitutional requirements are satisfied.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

10.     This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–02, and to award costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are public officials in the State of Texas, are sued in their official capacities, and perform their official duties within this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

### *Plaintiffs*

12.     The Texas Tribune, founded in 2009, is a nonprofit, nonpartisan news organization that promotes civic engagement and discourse on public policy, politics, government, and other matters of statewide concern. The Tribune's model of nonprofit journalism, supported by individual contributions, major gifts, corporate sponsorships, and grants from foundations and endowments, has been recognized with numerous national awards, including the Edward R.

Murrow Awards, the Online Journalism Awards and the Texas Managing Editors Awards. The Tribune covers a wide range of public policy, including criminal justice, prisons and jails. It employs journalists across the state, including one who lives in Lockhart, in Caldwell County.

13.     Plaintiff Mano Amiga is an advocacy organization founded in 2017 that works with communities impacted by the intersection of the criminal legal system and immigration policy. It focuses on criminal legal system reform issues in Caldwell and Hays Counties, including reducing pretrial detention, ensuring access to counsel, and minimizing the impact of the criminal legal system on noncitizens. In addition, Mano Amiga has operated a bail fund in Caldwell County since 2020.

14.     Plaintiff Caldwell/Hays Examiner is a nonprofit local publication founded in 2022 that covers criminal legal issues in Caldwell and Hays Counties, including access to counsel, bail, policing, and mental health services.

### *Defendants*

15.     Defendant Caldwell County (the "County") is a political subdivision in Texas with its county seat in Lockhart. The County, through its Magistrates and Sheriff, makes policy decisions regarding public access to magistration proceedings. It is responsible for banning Plaintiffs and the general public from observing Caldwell County magistration and is a "person" within the meaning of 42 U.S.C. § 1983.

16.     Defendant Trey Hicks is the Caldwell County Court at Law Judge. In that position, Defendant Hicks serves as the senior Magistrate and, together with Caldwell County's four Justices of the Peace, presides over magistration in Caldwell County. Defendant Hicks is sued in his official capacity. He is a County official acting with final policymaking authority in formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to magistration. Defendant Hicks has the power and authority to change policies,

5

practices, and/or customs to ensure that the public has access to magistration. He is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

17.     Defendant Matt Kiely is the Caldwell County Justice of the Peace for Precinct 1. Defendant Kiely serves as a Magistrate and, together with Judge Hicks and three other Justices of the Peace, presides over magistration in Caldwell County. Defendant Kiely is sued in his official capacity. He is a County official acting with final policymaking authority in formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to magistration. Defendant Kiely has the power and authority to change policies, practices, and/or customs to ensure that the public has access to magistration. He is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

18.     Defendant Shanna Conley is the Caldwell County Justice of the Peace for Precinct 2. Defendant Conley serves as a Magistrate and, together with Judge Hicks and three other Justices of the Peace, presides over magistration in Caldwell County. Defendant Conley is sued in her official capacity. She is a County official acting with final policymaking authority in formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to magistration. Defendant Conley has the power and authority to change policies, practices, and/or customs to ensure that the public has access to magistration. She is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

19.     Defendant Anita DeLeon is the Caldwell County Justice of the Peace for Precinct 3. Defendant DeLeon serves as a Magistrate and, together with Judge Hicks and three other Justices of the Peace, presides over magistration in Caldwell County. Defendant DeLeon is sued in her official capacity. She is a County official acting with final policymaking authority in

formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to magistration. Defendant DeLeon has the power and authority to change policies, practices, and/or customs to ensure that the public has access to magistration. She is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

20.     Defendant Yvette Mireles serves as Caldwell County Justice of the Peace for Precinct 4. Defendant Mireles serves as a Magistrate and, together with Judge Hicks and three other Justices of the Peace, presides over magistration in Caldwell County. Defendant Mireles is sued in her official capacity. She is a County official acting with final policymaking authority in formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to magistration. Defendant Mireles has the power and authority to change policies, practices, and/or customs to ensure that the public has access to magistration. She is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

21.     Defendant Mike Lane serves as the Sheriff of Caldwell County. He is in charge of the Caldwell County Sheriff's Department and is the keeper of the Caldwell County Jail. Defendant Lane is sued in his official capacity. He is a County official acting with final policymaking authority in formulating, implementing, and/or allowing policies, practices, and/or customs applicable to public access to the jail for the purposes of observing magistration. Defendant Lane has the power and authority to change policies, practices, and/or customs to ensure that the public has access to the jail in order to observe magistration. Defendant Lane is also in charge of access to County judicial facilities where magistration could be held, including the

Caldwell County Justice Center. He is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

## FACTUAL ALLEGATIONS

### *Magistration in Caldwell County*

22.     Article 15.17 of the Texas Code of Criminal Procedure requires a person to be taken before a magistrate within 48 hours of being arrested for a proceeding commonly referred to as "magistration."

23.     In Caldwell County, magistration takes place daily. Since April 2022, more than 1,000 arrestees have been magistrated in Caldwell County. The County's five Magistrates—Defendants Hicks, Kiely, Conley, DeLeon, and Mireles—share responsibility for conducting magistration. Only the Magistrate on duty and the arrestee are present at magistration. The arrestee is located inside the Caldwell County Jail and the Magistrate is typically located elsewhere, with the proceedings conducted via videoconference. The Caldwell County Sheriff—Defendant Lane—is responsible for ensuring that arrestees are taken before the Magistrate on duty within 48 hours of arrest in order to be magistrated. He also controls the Caldwell County Jail, where magistration occurs, and is in charge of security for all County judicial facilities.

24.     At magistration, the Caldwell County Magistrate on duty is required to:

   a.   Inform arrestees of the accusations against them;

   b.   Make probable cause determinations;

   c.   Advise arrestees of their rights, including the right to counsel;

   d.   Provide arrestees who request appointment of counsel with the indigency affidavit application and ensure they have reasonable assistance completing the application;

   e.   Make individualized bail determinations based on a number of factors, including the arrestee's ability to pay money bail; and

   f.   Set cash bonds, personal bonds, and other bond conditions as necessary.

25.     Magistration is the only pretrial bail proceeding for the vast majority of people arrested in Caldwell County, because bail reduction hearings occur rarely, if at all. Indeed, in most cases magistration is not just the only bail hearing, but the only hearing of any kind before an arrestee enters a plea.

26.     Magistration is of signal importance because it determines whether a presumptively innocent person will remain free while charges are pending. Pretrial detention, even for a brief period, can have devastating consequences for the accused and their families, and can thus exert great pressure on the accused to plead guilty.

### *Defendants' Blanket Closure Policy and Failure to Provide Notice*

27.     The Caldwell County Magistrates maintain an administrative policy barring all members of the press and public from observing magistration proceedings. This includes family members and friends, who must wait to learn whether their loved ones will be detained pending trial, based on a proceeding held behind closed doors. The Caldwell County Sheriff enforces this blanket closure by maintaining a policy prohibiting access to the jail for the purpose of observing magistration.

28.     The Caldwell County Magistrates do not provide the press or public with notice of when magistration will occur or of the names of the arrestees to be magistrated.

29.     The blanket closure of magistration and the lack of notice deprive Plaintiffs and all other members of the press and public of the opportunity to object to and be heard regarding the closure of any particular magistration proceeding.

30.     Given the Magistrates' and Sheriff's closure of all magistration in the County, the Magistrates have not made the constitutionally required on-the-record findings that the closure of any particular magistration is narrowly tailored to serve a compelling interest, and that reasonable alternatives would be inadequate.

31.     Defendants have chosen to hold magistration in a location that, as currently configured, cannot accommodate observers.

### Plaintiffs' Reasons for Seeking Access to Magistration

32.     Access to criminal proceedings, including magistration, is fundamental to The Texas Tribune's mission of ensuring that every Texan is empowered with the civic information they need to become full participants in our democracy. The Tribune regularly reports on a broad range of criminal justice issues, and seeks access to magistration because of the important role that bail and pretrial detention play in the criminal legal system.

33.     Mano Amiga regularly needs access to magistration for many aspects of its work, including to bail people out of jail expeditiously, gather information to advocate for arrestees and victims of crime, support community members from populations that are overrepresented in the criminal legal system, and educate the public on the importance of local courts.

34.     The Caldwell/Hays Examiner requires access to magistration so that it can report on any newsworthy cases or issues that intersect with its beat in the Caldwell County criminal legal system, including racial disparities in the bail amounts set by the Magistrates, whether the Magistrates are inquiring into arrestees' ability to pay bail, the County's compliance with the Sandra Bland Act and other issues related to detainees' mental health, and the jail population size and demographics.

### Denial of Plaintiffs' Requests for Access to Magistration

35.     Defendants have refused numerous requests by Plaintiffs and others to observe magistration.

36.     In November 2021, the Texas Fair Defense Project (TFDP)—Counsel for Plaintiffs Mano Amiga and Caldwell/Hays Examiner in this matter but acting on its own behalf at the time— requested access to magistration. TFDP Legal Fellow Maya Chaudhuri asked the Caldwell County

Magistrate on duty—then Justice of the Peace Raymond DeLeon, who is Defendant Mireles' predecessor—for permission to observe magistration. Mr. DeLeon informed Ms. Chaudhuri that she could not observe magistration and that he had a policy of prohibiting public access.

37.     In April 2022, Ms. Chaudhuri again requested access to magistration from Defendants Kiely, Conley, and Anita DeLeon. Defendant Conley denied the request and Defendants Kiely and Anita DeLeon did not respond.

38.     On June 7, 2022, Jordan Buckley, Executive Director of Plaintiff Caldwell/Hays Examiner, visited the Caldwell County Jail and spoke with Captain James Short about public access to magistration. Captain Short confirmed that all magistration proceedings are closed to the public. At Mr. Buckley's request, Captain Short showed Mr. Buckley the room where magistration takes place. He explained that the County uses video conferencing technology to connect that room with the Magistrate on duty. In response to Mr. Buckley's questions, Captain Short said that if the County decided to open magistration proceedings to the public, the room used for magistration and the adjoining space could possibly be remodeled for that purpose. He also said that the County could potentially provide the public with remote access if the County obtained a different type of video conferencing account.

39.     On June 13, 2022, Plaintiff Mano Amiga and TFDP—again acting on its own behalf—wrote to a number of Caldwell County officials, including the Magistrates then in office: Defendants Kiely, Conley, and Anita DeLeon, then-County Court at Law Judge Barbara Molina, and then-Justice of the Peace Raymond DeLeon. In their letter, Mano Amiga and TFDP requested that the County rescind its blanket closure of magistration and open all such proceedings to the public, provide advance notice of the date and time of magistration proceedings on a public

website, provide remote access to magistration proceedings for those who cannot attend in person, and comply with all constitutional requirements before closing any magistration proceeding.

40.     On June 21, 2022, then-Judge Molina responded, stating that "[t]he Magistrates of Caldwell County are maintaining the policy banning the public from observing magistration."

41.     On August 17, 2022, Jordan Buckley of Plaintiff Caldwell/Hays Examiner sought access to magistration at the Caldwell County Jail. He was informed by a Sergeant at the facility that the public is not permitted to observe magistration at the jail.

42.     On January 3, 2023, a new County Court at Law Judge—Defendant Hicks—and a new Justice of the Peace—Defendant Mireles—took office, joining Defendants Kiely, Conley, and Anita DeLeon as Caldwell County Magistrates.

43.     On March 23, 2023, Counsel for Plaintiffs wrote to Defendants and County Judge Hoppy Haden requesting that they rescind the administrative policy banning the public from observing magistration and open all magistration proceedings to the public. Counsel for Plaintiffs requested a response by April 6, 2023.

44.     Having received no response, Counsel for Plaintiffs wrote to the same group on April 17, 2023, explaining that Plaintiffs would construe their lack of response as a denial of access to magistration and a refusal to rescind the blanket closure policy. As of the filing of this complaint, Plaintiffs have received no response from Defendants or Judge Haden.

### *Harms Caused by Defendants' Actions*

45.     In refusing Plaintiffs' requests for access to magistration, Defendants have deprived Plaintiffs of their First Amendment right of access to the courts. Defendants have also failed to provide Plaintiffs with notice and an opportunity to be heard prior to the closure of a magistration proceeding, in violation of the First and Fourteenth Amendments. Each Plaintiff's organizational goals have been and will continue to be harmed by Defendants' closure of magistration.

46. Defendants' violations of the First and Fourteenth Amendments by denying the press and public access to magistration are ongoing.

## CLAIMS FOR RELIEF

### Count One

### Defendants Violate the First Amendment by Barring the Press and Public from Access to Magistration Proceedings.

47. As explained above, the First Amendment public right of access to criminal proceedings applies to magistration. These hearings are of great importance to the criminal legal system because they govern whether arrestees will be detained pending trial, and because, for the vast majority of arrestees, magistration is the only judicial hearing before entering a plea. The societal interests protected by the First Amendment right of access are as applicable to magistration as they are to other pretrial proceedings and trial itself. Indeed, in non-jury proceedings like bail hearings, the public has a heightened interest in access because the jury safeguard against judicial overreach is absent.

48. Like all members of the press and public, Plaintiffs have a presumptive First Amendment right of access to magistration in Caldwell County.

49. Plaintiffs each have strong organizational interests in observing magistration, and share with the rest of society the critically important interests the First Amendment right of access is meant to serve. Accordingly, Plaintiffs have sought access to magistration in Caldwell County on several occasions.

50. Acting as County officials with final policymaking authority, Defendants have promulgated, maintained, and enforced a policy of closing all magistration proceedings to the press and public. Pursuant to that policy, Defendants have denied Plaintiffs' requests for access to magistration.

51.     Defendants' blanket closure policy violates the First Amendment by rejecting the presumptive right of access and by disregarding the constitutional requirements that must be met before a magistration proceeding can be closed to the public. These requirements include providing the press and public with due process—notice and an opportunity to be heard—regarding any contemplated closure, finding that closure of the specific proceeding is narrowly tailored to serve a compelling interest, determining that any reasonable alternatives to closure would be inadequate, and justifying any closure with on-the-record factual findings specific enough to permit appellate review. The Magistrates cannot properly weigh the First Amendment right of access against the interests served by closure, nor can they fully evaluate reasonable alternatives to closure, without providing the press and public with notice and an opportunity to be heard.

**Count Two**

**Defendants Violate the Fourteenth Amendment by Failing to Provide
the Press and Public with Notice and an Opportunity to be Heard
Prior to the Closure of Magistration Proceedings.**

52.     As explained above, the press and public, including Plaintiffs, have a presumptive First Amendment right of access to magistration.

53.     The Fourteenth Amendment guarantees the press and public, including Plaintiffs, the procedural due process right to notice and an opportunity to be heard before a magistration proceeding is closed.

54.     Defendants' blanket closure policy, and their implementation of that policy by closing all magistration proceedings without providing Plaintiffs with notice or an opportunity to be heard, violates the Fourteenth Amendment.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

A.      Declare that Defendants' blanket closure of magistration proceedings in Caldwell County violates Plaintiffs' First Amendment right of access to judicial proceedings and Plaintiffs' Fourteenth Amendment right to procedural due process.

B.      Require Defendants to rescind their blanket closure policy and provide the press and public with access to all magistration proceedings, with closure of specific proceedings permitted only if Defendants meet the substantive and procedural requirements of the First and Fourteenth Amendments, as discussed above.

C.      Award costs, including reasonable attorneys' fees.

D.      Grant any additional relief this Court deems just and proper.

Dated: August 3, 2023

Respectfully submitted,

/s/ Camilla Hsu

Camilla Hsu (24130207)
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX  78752
(512) 637-5220 x111
chsu@fairdefense.org

*Counsel for Plaintiffs Mano Amiga
  and Caldwell/Hays Examiner*

/s/ Julie A. Ford

Julie A. Ford (07240500)
George Brothers Kincaid & Horton,
  LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1448
Jford@gbkh.com

*Counsel for Plaintiff Texas Tribune*

/s/ Scott Wilkens

Scott Wilkens*
Evan Welber Falcón*
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Plaintiffs*

*\*Application for Admission Pro Hac Vice
  Forthcoming*