IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS TRIBUNE, MANO AMIGA, CALDWELL/HAYS EXAMINER,<br><br>Plaintiffs,<br><br>v.<br><br>CALDWELL COUNTY, TEXAS,<br><br>TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate,<br><br>MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and<br><br>MIKE LANE, in his official capacity as the Sheriff of Caldwell County,<br><br>Defendants. | Civil Action No. 1:23-cv-910-RP |

**DECLARATION OF SCOTT WILKENS IN SUPPORT OF PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION**

I, Scott Wilkens, hereby declare and state as follows:

1. I am Senior Counsel at the Knight First Amendment Institute at Columbia University. I am also counsel for Plaintiffs in this action. I am over the age of eighteen and am competent to make the statements herein. I have personal knowledge of the facts stated in this declaration, and, if called and sworn as a witness, could and would competently testify to them.

2. Attached as Exhibit A is a true and correct copy of a cover email and letter I sent on March 23, 2023, to Caldwell County Court at Law Judge Trey Hicks, Justices of the Peace

1

Matt Kiely, Shanna Conley, Anita DeLeon, and Yvette Mireles, Judge Hoppy Haden, and Sheriff Mike Lane.

3. Attached as Exhibit B is a true and correct copy of an email I sent to the same addressees on April 17, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 26th day of September, 2023.

*Scott B. Wilkens*
Scott Wilkens

# EXHIBIT 1

Friday, September 15, 2023 at 10:17:46 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Public access to magistration in Caldwell County |
| **Date:** | Thursday, March 23, 2023 at 6:27:00 PM Eastern Daylight Time |
| **From:** | Scott Wilkens |
| **To:** | trey.hicks@co.caldwell.tx.us |
| **CC:** | matt.kiely@co.caldwell.tx.us, shanna.conley@co.caldwell.tx.us, anita.deleon@co.caldwell.tx.us, Yvette.mireles@co.caldwell.tx.us, hoppy.haden@co.caldwell.tx.us, mike.lane@co.caldwell.tx.us, Camilla Hsu |
| **Attachments:** | Letter to Caldwell County Magistrates 03 23 2023.pdf |

Dear Judge Hicks,

My colleague Camilla Hsu and I write to you on behalf of the Texas Tribune, Mano Amiga, and the Caldwell-Hays Examiner, which seek to exercise their First Amendment right of access to magistration in Caldwell County. Camilla Hsu is Interim Co-Executive Director of the Texas Fair Defense Project, and I am a Senior Counsel at the Knight First Amendment Institute at Columbia University.

I am attaching a letter, which also includes correspondence with your predecessor, Judge Molina.

As the letter indicates, we would appreciate a response by April 6, 2023.

Sincerely, ,
Scott Wilkens

 

March 23, 2023

The Hon. Trey Hicks
Judge, Caldwell County Court at Law
1703 S. Colorado St., Box 11
Lockhart, TX 78644
Tel. (512) 398-6527
Email: trey.hicks@co.caldwell.tx.us

Dear Judge Hicks,

The Texas Fair Defense Project ("TFDP") and the Knight First Amendment Institute at Columbia University ("Knight Institute") write on behalf of the Texas Tribune, Mano Amiga, and the Caldwell-Hays Examiner, who have a First Amendment right of access to an arrestee's initial appearance before a Magistrate—commonly referred to as "magistration"—and who seek to exercise that right. As you know, at this initial appearance, Magistrates carry out many duties fundamental to the rights of arrestees, such as informing them of the charges against them and their legal rights, determining probable cause, and setting bail. In essence, Magistrates decide whether arrestees—all of whom are presumed innocent—will remain behind bars pending trial.

Public access to judicial proceedings is a cornerstone of American democracy and is protected by the First Amendment. The constitutional right of access applies to criminal trials as well as to most pre-trial proceedings, including hearings setting or modifying bail. *See, e.g.*, *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 11-13 (1986); *United States v. Chagra*, 701 F.2d 354, 364-65 (5th Cir. 1983). Among other important benefits, openness helps to ensure that the public has a full understanding of the criminal justice system and can therefore serve as an effective check on that system. Public access to bail decisions is critically important not only because those decisions determine whether the presumptively innocent will be detained pending trial, but also because pre-trial detention exerts enormous pressure on the accused to plead guilty rather than proceed to trial. Indeed, bail hearings are often the arrestee's only appearance before a judicial officer prior to entering a plea.

In prior correspondence with TFDP and Mano Amiga, attached to this letter as Exhibit A, your predecessor Judge Molina stated that all magistration in Caldwell County is closed to the public as a matter of policy. We request that Caldwell County Magistrates rescind this policy and open all magistration to the public, as is required by the United States Constitution. By necessity, this will include providing the public with notice of the names of the arrestees to be magistrated as well as the dates, times and locations of their magistration. We further request that prior to closing any particular arrestee's magistration, the public be provided with notice and an opportunity to be heard.

We appreciate your attention to this important matter and request a response by April 6, 2023.

Sincerely,

*Scott B. Wilkens*

Scott Wilkens
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
Scott.Wilkens@knightcolumbia.org

*Camilla Hsu*

Camilla Hsu
Texas Fair Defense Project
314 E. Highland Mall Blvd., #204
Austin, TX 78722
(512) 637-5220 x111
chsu@fairdefense.org

cc:   Matt Kiely, Justice of the Peace Precinct 1
      Shanna Conley, Justice of the Peace Precinct 2
      Anita DeLeon, Justice of the Peace Precinct 3
      Yvette Mireles, Justice of the Peace Precinct 4
      Hoppy Haden, County Judge
      Mike Lane, County Sheriff

EXHIBIT A



Maya Chaudhuri <mchaudhuri@fairdefense.org>

## RE: Public Access to Magistration
1 message

**Barbara Molina** <barbara.molina@co.caldwell.tx.us>  Tue, Jun 21, 2022 at 3:25 PM
To: Maya Chaudhuri <mchaudhuri@fairdefense.org>, Fred Weber <fred.weber@co.caldwell.tx.us>
Cc: Eric Martinez <eric@manoamigasm.org>, Sam Benavides <Sam@manoamigasm.org>, Matt Kiely <matt.kiely@co.caldwell.tx.us>, Shanna Conley <shanna.conley@co.caldwell.tx.us>, Anita De Leon <anita.deleon@co.caldwell.tx.us>, Raymond DeLeon <raymond.deleon@co.caldwell.tx.us>, Hoppy Haden <hoppy.haden@co.caldwell.tx.us>, "jon.pettit@co.caldwell.tx.us" <jon.pettit@co.caldwell.tx.us>, "james.short@caldwell.co.tx.us" <james.short@caldwell.co.tx.us>

Ms. Chadhuri,

Mr. Weber is correct in that the prosecutor has no authority to set procedure or to schedule the magistration of a person arrested.

The Magistrates of Caldwell County, Texas consist of all the Justices of the Peace, and the County Court-at-Law Judge. No prosecutor or other individual is present during Magistration, except for the person arrested.

Magistration is not open to the public. Magistration is conducted every day, even on holidays. The Magistrate Judges set their schedule to rotate the magistration duties each week to be conducted at the county jail.

At Magistration, the Magistrate Judge will not ask for or receive a plea on the charged offense(s). Such pleas may only be received in the Court when and where the defendant's case is filed by the prosecutor. The District Court or County Court-at-Law are the Courts where a defendant will enter a plea to the crime with which they are charged.

A Motion to reduce bond, as in the *U.S. v. Chagra* case cited in your letter, will be heard in the appropriate court, which is open to the public in compliance with the Open Courts and Public Trial Requirements of the United States and Texas Constitution.

The Magistrate Judges have the following General Functions and Duties and as more particularly set out in the section on Magistrates Responsibilities in the Indigent Defense Commission Plans on file for Caldwell County.

The Magistrates:

    1. Determine probable cause. (If no probable cause exists, the individual arrested is released from custody).

    2. Inform Defendant of charges.

    3. Set amount of bail according to law and consider criminal history and the Public Safety Report System.

4. Advise Defendant of legal rights.

5. Provide indigency affidavit application (the determination of appointed Counsel will be made by the County Court-at-Law Judge for misdemeanor cases and by the District Judge for felony cases).

6. Issue appropriate bond condition orders.

7. Consider if personal bond is appropriate.

8. Adjust, modify, revoke and enforce bonds and bond conditions.

9. Enter data in the Public Safety Report System.

The Damon Allen Act of 2021 mandates that Magistrate Judges use the statewide Public Safety Report System as developed by the Texas Office of Court Administration, which enables a review of the defendant's criminal history as part of the safety risk assessment in setting bail. The PSRS system also generates summary reports of the magistration setting bail and includes bond conditions and warnings to be provided to the defendant magistrated. (See C.C.P. Art. 17.021 CODE OF CRIMINAL PROCEDURE CHAPTER 17. BAIL (texas.gov)).

The Magistrates of Caldwell County are maintaining the policy banning the public from observing magistration.

Sincerely,


**Barbara L Molina**

**Judge, Caldwell County Court At Law**

**1703 S. Colorado St.**, **Box 11**

**Lockhart, Texas 78644**

**(512) 398-6527**



*This email message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential information. Unauthorized use or disclosure of confidential information is prohibited under Federal Law. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. Please contact the sender and delete all copies of the message, including attachments.*

**From:** Maya Chaudhuri <mchaudhuri@fairdefense.org>
**Sent:** Thursday, June 16, 2022 3:35 PM
**To:** Fred Weber <fred.weber@co.caldwell.tx.us>
**Cc:** Eric Martinez <eric@manoamigasm.org>; Sam Benavides <Sam@manoamigasm.org>; Barbara Molina <barbara.molina@co.caldwell.tx.us>
**Subject:** Re: Public Access to Magistration

Mr. Weber,

Thank you for following up with us. Judge Molina received a copy of the letter as well. We look forward to her response.

Sincerely,

**Maya Chaudhuri**
*she/her/hers*
Equal Justice Works Fellow
Sponsored by Pillsbury Winthrop Shaw Pittman LLP
Texas Fair Defense Project



314 E. Highland Mall Blvd #204
Austin, TX 78752
Main Number: 512-637-5220
Direct: 737-284-1011
Fax: 512-637-5224
fairdefense.org

Follow us on Instagram @fairdefense

Like our page on Facebook


On Wed, Jun 15, 2022 at 11:33 AM Fred Weber <fred.weber@co.caldwell.tx.us> wrote:

> Ms. Chaudhuri,
>
> I spoke with Judge Molina about your concerns. She is the senior judge performing magistration and we are both in agreement that magistration is a judicial function that does not involve my office. I have no authority to set magistration schedules or procedures. I would request that you address this matter directly with Judge Molina.
>
> Sincerely,
>
> **Fred Weber**
>
> **Criminal District Attorney**
>
> **Caldwell County, Texas**
>
> **(512) 398-1811**

**From:** Maya Chaudhuri <mchaudhuri@fairdefense.org>
**Sent:** Monday, June 13, 2022 12:15 PM
**To:** Fred Weber <fred.weber@co.caldwell.tx.us>
**Cc:** Eric Martinez <eric@manoamigasm.org>; Sam Benavides <Sam@manoamigasm.org>; Matt Kiely <matt.kiely@co.caldwell.tx.us>; Shanna Conley <shanna.conley@co.caldwell.tx.us>; Anita De Leon <anita.deleon@co.caldwell.tx.us>; Raymond DeLeon <raymond.deleon@co.caldwell.tx.us>; Barbara Molina <barbara.molina@co.caldwell.tx.us>; Hoppy Haden <hoppy.haden@co.caldwell.tx.us>; jon.pettit@co.caldwell.tx.us; james.short@caldwell.co.tx.us
**Subject:** Public Access to Magistration

Dear Mr. Weber,

Please find attached a letter from Texas Fair Defense Project and Mano Amiga regarding public access to magistration in Caldwell County. We appreciate your attention to this matter.

Sincerely,

**Maya Chaudhuri**
*she/her/hers*
Equal Justice Works Fellow
Sponsored by Pillsbury Winthrop Shaw Pittman LLP
Texas Fair Defense Project



314 E. Highland Mall Blvd #204
Austin, TX 78752
Main Number: 512-637-5220
Direct: 737-284-1011
Fax: 512-637-5224

fairdefense.org

Follow us on Instagram @fairdefense

Like our page on Facebook

 

June 13, 2022

Fred Weber
Caldwell County Attorney
1703 S. Colorado Street
Lockhart, Texas 78644

Dear Mr. Weber:

We are writing on behalf of members of the public requesting that you protect their constitutional right to attend magistration in Caldwell County. Public access to criminal court proceedings is protected by the First and Sixth Amendments of the U.S. Constitution, as well as Article I of the Texas Constitution. Further, it strengthens communities and has the potential to reduce individuals' interactions with the criminal legal system. Stakeholders at all levels have a vested interest in ensuring there is public access to magistration in Caldwell County.

Public access to the courts is a fundamental part of democracy and integral to the public's faith in our criminal legal system.[1] Any courtroom closure can have a chilling effect, leaving communities with the impression that they should not even attempt to enter this historically public space. Moreover, the U.S. Supreme Court has long recognized that the public's presence in the courtroom can "enhance the integrity and quality" of courtroom proceedings.[2] Public access allows for family members and loved ones to stay connected to people charged with crimes, which in turn improves their case outcomes.[3] Loved ones' presence can bolster those connections and provide emotional support simply by attending and observing criminal proceedings. Thus, public access to courts has the power both to increase the community's faith in the criminal legal system and reduce recidivism among the general population, easing the financial burden on the government and justice-impacted community members alike.

The U.S. Supreme Court has explained that public access to courts stems from the First Amendment, including the right to free speech, the right to listen, the right of assembly, the right

---

[1] *Richmond Newspapers, Inc., v. Virginia*, 448 U.S. 555 (1980) (plurality).
[2] *Id.*
[3] Thomas J. Mowen & Christy A. Visher, *Changing the Ties that Bind*, 15 Criminology & Public Policy 503 (2016) (using data from formerly incarcerated Texans to explore family relationships and recidivism). The U.S. Supreme Court has specifically recognized the importance of the presence of defendants' family members and friends. *In re Oliver*, 333 U.S. 257, 271–72 (1948).

to observe, and the right to learn.[4] For these reasons, criminal courtrooms are presumptively open.[5] The presumption of openness extends beyond trials to pretrial proceedings, including bail hearings.[6] When courts do seek to close proceedings to the public they must do so on a case-by-case basis, not in blanket fashion.[7] Any barrier to access, ranging from the total exclusion of the public from entire proceedings to the exclusion of a single person from a portion of a proceeding, constitutes a closure.[8] Before closing any individual proceeding, the court must provide the public with notice and an opportunity to be heard regarding the closure.[9] Courts must then conduct the *Waller* test before closing a proceeding to the public, which includes considering all reasonable alternatives to closure.[10] Only a "small universe of cases [] will satisfy" the constitutional requirements for full closure.[11]

Magistrates set bail amounts at magistration; the proceedings are therefore presumptively open to the public. The Caldwell County Justices of the Peace currently maintain a policy banning the public from observing magistration. General bans on public access to criminal court proceedings, such as the one in place in Caldwell County for access to magistration, are per se unconstitutional and violate the public's First Amendment rights.[12] The current policy further violates the rights of members of the public by failing to provide advance notice of the closures or an opportunity to be heard.

We ask that you immediately take steps to protect the constitutional rights of Caldwell County community members by:

- Providing advance notice of magistration, including the date and time of the proceeding, on a public website;
- Ensuring magistration is presumptively open to the public such that they might attend in-person without making a request in advance;
- Making a remote stream of court proceedings available for people who cannot observe court in-person;
- Providing the constitutionally-required advance notice when contemplating closure; and
- Conducting the constitutionally-mandated procedure before any closure.

---

[4] *Richmond Newspapers, Inc.*, 448 U.S. at 579.

[5] *Id.* at 587.

[6] *U.S. v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983); *U.S. v. Edwards*, 823 F.2d 111, 113 (5th Cir. 1987).

[7] *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

[8] *See Presley v. Georgia*, 558 U.S. 209, 210 (2010) (finding the exclusion of a single member of the public from voir dire was a closure).

[9] *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 180 (5th Cir. 2011); *see also Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 607–08 (1982).

[10] *Presley v. Georgia*, 558 U.S. 209, 214 (2010).

[11] *United States v. Abuhamra*, 389 F.3d 309, 330 (2d Cir. 2004).

[12] *Waller*, 467 U.S. at 48 (requiring case-by-case findings); *see also New York Civil Liberties Union v. New York City Transit Authority*, 684 F.3d 286 (2nd Cir. 2012) (finding a general ban on access unconstitutional).

We appreciate your prompt attention to this matter and are requesting a response by June 29, 2022. Please do not hesitate to contact us if you would like to discuss this or if we can provide additional information.

Sincerely,

Mano Amiga
Texas Fair Defense Project


cc:   Matt Kiely, Justice of the Peace Precinct 1
      Shanna Conley, Justice of the Peace Precinct 2
      Anita DeLeon, Justice of the Peace Precinct 3
      Raymond DeLeon, Justice of the Peace Precinct 4
      Barbara Molina, County Court at Law Judge
      Hoppy Haden, County Judge
      Jon Petit, County Jailer
      James Short, Jail Captain

# EXHIBIT 2

Friday, September 15, 2023 at 10:16:51 Eastern Daylight Time

**Subject:** Re: Public access to magistration in Caldwell County
**Date:** Monday, April 17, 2023 at 11:09:59 AM Eastern Daylight Time
**From:** Scott Wilkens
**To:** trey.hicks@co.caldwell.tx.us
**CC:** matt.kiely@co.caldwell.tx.us, shanna.conley@co.caldwell.tx.us, anita.deleon@co.caldwell.tx.us, Yvette.mireles@co.caldwell.tx.us, hoppy.haden@co.caldwell.tx.us, mike.lane@co.caldwell.tx.us, Camilla Hsu

Dear Judge Hicks,

I am following up on my March 23 email and attached letter (see below). We did not receive a response by April 6, as we had requested, or in the week and a half since. This lack of response is particularly concerning because the many magistrations that have been conducted over the last several weeks have been closed to the public in violation of numerous constitutional requirements. Accordingly, we will interpret your failure to respond as a denial of the request for access made by the Texas Tribune, Mano Amiga, and the Caldwell-Hays Examiner and a refusal to rescind the administrative policy banning the public from observing magistration in Caldwell County.

Sincerely,
Scott Wilkens


**From:** Scott Wilkens <scott.wilkens@knightcolumbia.org>
**Date:** Thursday, March 23, 2023 at 6:27 PM
**To:** trey.hicks@co.caldwell.tx.us <trey.hicks@co.caldwell.tx.us>
**Cc:** matt.kiely@co.caldwell.tx.us <matt.kiely@co.caldwell.tx.us>, shanna.conley@co.caldwell.tx.us <shanna.conley@co.caldwell.tx.us>, anita.deleon@co.caldwell.tx.us <anita.deleon@co.caldwell.tx.us>, Yvette.mireles@co.caldwell.tx.us <Yvette.mireles@co.caldwell.tx.us>, hoppy.haden@co.caldwell.tx.us <hoppy.haden@co.caldwell.tx.us>, mike.lane@co.caldwell.tx.us <mike.lane@co.caldwell.tx.us>, Camilla Hsu <chsu@fairdefense.org>
**Subject:** Public access to magistration in Caldwell County

Dear Judge Hicks,

My colleague Camilla Hsu and I write to you on behalf of the Texas Tribune, Mano Amiga, and the Caldwell-Hays Examiner, which seek to exercise their First Amendment right of access to magistration in Caldwell County. Camilla Hsu is Interim Co-Executive Director of the Texas Fair Defense Project, and I am a Senior Counsel at the Knight First Amendment Institute at Columbia University.

I am attaching a letter, which also includes correspondence with your predecessor, Judge Molina.

As the letter indicates, we would appreciate a response by April 6, 2023.

Sincerely, ,
Scott Wilkens