**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| TEXAS TRIBUNE, MANO AMIGA, CALDWELL/HAYS EXAMINER, <br><br> Plaintiffs, <br><br> v. <br><br> CALDWELL COUNTY, TEXAS, <br><br> TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, <br><br> MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and <br><br> MIKE LANE, in his official capacity as the Sheriff of Caldwell County, <br><br> Defendants. | Civil Action No. 1:23-cv-910-RP |

**DECLARATION OF TEXAS FAIR DEFENSE PROJECT IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

I, Camilla Hsu, declare as follows:

1. I am the Managing Attorney of Litigation at the Texas Fair Defense Project (TFDP). I submit this declaration in support of Plaintiffs' motion for a preliminary injunction. I am over 21 years old and am competent to make the statements herein. Except as otherwise stated, I have personal knowledge of the matters set forth herein and can and will testify thereto if called upon to do so.

2. I am counsel for two of the plaintiffs in this action—Mano Amiga and the Caldwell/Hays Examiner—but this declaration concerns actions that TFDP took on its own behalf and jointly with Mano Amiga before representation began. Between October 2021 and June 2022, TFDP contacted Caldwell County magistrates on multiple occasions requesting access to magistration, to no avail. The individual magistrates TFDP contacted either

1

   expressly refused access—stating that all of the County's magistrates prohibit the public from observing magistration—or failed to respond to TFDP's requests.

3. I attach as Exhibit 1 a true and correct copy of the Declaration of Maya Chaudhuri, who served as a legal fellow and attorney at TFDP from October 2021 to September 2022. During her tenure at TFDP, Ms. Chaudhuri was responsible for communicating with Caldwell County magistrates and other County officials about obtaining access to magistration proceedings. She reported those communications to me. Ms. Chaudhuri's declaration describes her communications with County officials.

4. I attach as Exhibit 2 a true and correct copy of the letter to Caldwell County officials that Ms. Chaudhuri describes in Paragraph 7 of her declaration.

5. I attach as Exhibit 3 a true and correct copy of the email that Ms. Chaudhuri received in reply from then-County Court at Law Judge Barbara Molina, which is described in Paragraph 7 of Ms. Chaudhuri's declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September __26__, 2023.

_____
Camilla Hsu

EXHIBIT 1

## Declaration of Maya Chaudhuri

I, Maya Chaudhuri, declare as follows:

1. I am over 21 years old and a resident of Texas.

2. I am a legal fellow and attorney at Texas Fair Defense Project in Austin, Texas. Between October 2021 and June 2022, I made multiple attempts to learn how to access magistration in Caldwell County, Texas. At no point did any of the magistrates allow me to access magistration remotely or in person.

3. I first reached out to Justice Raymond DeLeon on October 8, 2021, to learn more about magistration in Caldwell County. Justice Raymond DeLeon called me on November 23, 2021. During that call, I asked to observe magistration in Caldwell County and Justice Raymond DeLeon told me that neither he nor the other magistrates allowed people to come in to observe magistration. Justice Raymond DeLeon told me that he had previously consulted with the district attorney about not allowing members of the public to observe magistration and understood disallowing them to be legal from that conversation.

4. On April 6, 2022, I called the offices of Justice Matt Kiely and left a message with a staff member asking how I could observe magistration. I did not receive a call back. On April 20, 2022, I called again with the same request and did not receive a call back.

5. On April 6, 2022, I called Justice Shanna Conley and asked how to observe magistration when she is presiding. Justice Conley took my information and said she would get back to me. I did not receive a call back. On April 20, 2022, I called again and reached a staff member, Laura. I made the same request and Laura told me, "We will not be doing that." When I asked for a reason, I was told, "There's not really a reason, she doesn't allow that either," explaining that her practices conformed with the practice of the other justices who do not allow public access to magistration.

6. On April 6, 2022, I called the offices of Justice Anita DeLeon and left a message with a staff member asking how I could observe magistration. I did not receive a call back. I called again on April 20, 2022, with the same request and did not receive a call back.

7. On June 13, 2022, I sent a letter to a number of Caldwell County government officials on behalf of Texas Fair Defense Project and Mano Amiga requesting access to magistration. On June 21, 2022, I received a response from Judge Barbara Molina denying our request and laying out the Caldwell County magistrates' policy on public access to magistration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 14, 2022.

*Maya Chaudhuri*
Maya Chaudhuri

EXHIBIT 2

 

June 13, 2022

Fred Weber
Caldwell County Attorney
1703 S. Colorado Street
Lockhart, Texas 78644

Dear Mr. Weber:

We are writing on behalf of members of the public requesting that you protect their constitutional right to attend magistration in Caldwell County. Public access to criminal court proceedings is protected by the First and Sixth Amendments of the U.S. Constitution, as well as Article I of the Texas Constitution. Further, it strengthens communities and has the potential to reduce individuals' interactions with the criminal legal system. Stakeholders at all levels have a vested interest in ensuring there is public access to magistration in Caldwell County.

Public access to the courts is a fundamental part of democracy and integral to the public's faith in our criminal legal system.[1] Any courtroom closure can have a chilling effect, leaving communities with the impression that they should not even attempt to enter this historically public space. Moreover, the U.S. Supreme Court has long recognized that the public's presence in the courtroom can "enhance the integrity and quality" of courtroom proceedings.[2] Public access allows for family members and loved ones to stay connected to people charged with crimes, which in turn improves their case outcomes.[3] Loved ones' presence can bolster those connections and provide emotional support simply by attending and observing criminal proceedings. Thus, public access to courts has the power both to increase the community's faith in the criminal legal system and reduce recidivism among the general population, easing the financial burden on the government and justice-impacted community members alike.

The U.S. Supreme Court has explained that public access to courts stems from the First Amendment, including the right to free speech, the right to listen, the right of assembly, the right

---

[1] *Richmond Newspapers, Inc., v. Virginia*, 448 U.S. 555 (1980) (plurality).

[2] *Id.*

[3] Thomas J. Mowen & Christy A. Visher, *Changing the Ties that Bind*, 15 Criminology & Public Policy 503 (2016) (using data from formerly incarcerated Texans to explore family relationships and recidivism). The U.S. Supreme Court has specifically recognized the importance of the presence of defendants' family members and friends. *In re Oliver*, 333 U.S. 257, 271–72 (1948).

to observe, and the right to learn.[4] For these reasons, criminal courtrooms are presumptively open.[5] The presumption of openness extends beyond trials to pretrial proceedings, including bail hearings.[6] When courts do seek to close proceedings to the public they must do so on a case-by-case basis, not in blanket fashion.[7] Any barrier to access, ranging from the total exclusion of the public from entire proceedings to the exclusion of a single person from a portion of a proceeding, constitutes a closure.[8] Before closing any individual proceeding, the court must provide the public with notice and an opportunity to be heard regarding the closure.[9] Courts must then conduct the *Waller* test before closing a proceeding to the public, which includes considering all reasonable alternatives to closure.[10] Only a "small universe of cases [] will satisfy" the constitutional requirements for full closure.[11]

Magistrates set bail amounts at magistration; the proceedings are therefore presumptively open to the public. The Caldwell County Justices of the Peace currently maintain a policy banning the public from observing magistration. General bans on public access to criminal court proceedings, such as the one in place in Caldwell County for access to magistration, are per se unconstitutional and violate the public's First Amendment rights.[12] The current policy further violates the rights of members of the public by failing to provide advance notice of the closures or an opportunity to be heard.

We ask that you immediately take steps to protect the constitutional rights of Caldwell County community members by:

- Providing advance notice of magistration, including the date and time of the proceeding, on a public website;
- Ensuring magistration is presumptively open to the public such that they might attend in-person without making a request in advance;
- Making a remote stream of court proceedings available for people who cannot observe court in-person;
- Providing the constitutionally-required advance notice when contemplating closure; and
- Conducting the constitutionally-mandated procedure before any closure.

---

[4] *Richmond Newspapers, Inc.*, 448 U.S. at 579.

[5] *Id.* at 587.

[6] *U.S. v. Chagra*, 701 F.2d 354, 363 (5th Cir. 1983); *U.S. v. Edwards*, 823 F.2d 111, 113 (5th Cir. 1987).

[7] *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

[8] *See Presley v. Georgia*, 558 U.S. 209, 210 (2010) (finding the exclusion of a single member of the public from voir dire was a closure).

[9] *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 180 (5th Cir. 2011); *see also Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 607–08 (1982).

[10] *Presley v. Georgia*, 558 U.S. 209, 214 (2010).

[11] *United States v. Abuhamra*, 389 F.3d 309, 330 (2d Cir. 2004).

[12] *Waller*, 467 U.S. at 48 (requiring case-by-case findings); *see also New York Civil Liberties Union v. New York City Transit Authority*, 684 F.3d 286 (2nd Cir. 2012) (finding a general ban on access unconstitutional).

We appreciate your prompt attention to this matter and are requesting a response by June 29, 2022. Please do not hesitate to contact us if you would like to discuss this or if we can provide additional information.

Sincerely,

Mano Amiga
Texas Fair Defense Project

cc:    Matt Kiely, Justice of the Peace Precinct 1
       Shanna Conley, Justice of the Peace Precinct 2
       Anita DeLeon, Justice of the Peace Precinct 3
       Raymond DeLeon, Justice of the Peace Precinct 4
       Barbara Molina, County Court at Law Judge
       Hoppy Haden, County Judge
       Jon Petit, County Jailer
       James Short, Jail Captain

EXHIBIT 3



Maya Chaudhuri <mchaudhuri@fairdefense.org>

## Public Access to Magistration

**Barbara Molina** <barbara.molina@co.caldwell.tx.us>  Tue, Jun 21, 2022 at 3:25 PM
To: Maya Chaudhuri <mchaudhuri@fairdefense.org>, Fred Weber <fred.weber@co.caldwell.tx.us>
Cc: Eric Martinez <eric@manoamigasm.org>, Sam Benavides <Sam@manoamigasm.org>, Matt Kiely <matt.kiely@co.caldwell.tx.us>, Shanna Conley <shanna.conley@co.caldwell.tx.us>, Anita De Leon <anita.deleon@co.caldwell.tx.us>, Raymond DeLeon <raymond.deleon@co.caldwell.tx.us>, Hoppy Haden <hoppy.haden@co.caldwell.tx.us>, "jon.pettit@co.caldwell.tx.us" <jon.pettit@co.caldwell.tx.us>, "james.short@caldwell.co.tx.us" <james.short@caldwell.co.tx.us>

Ms. Chadhuri,

Mr. Weber is correct in that the prosecutor has no authority to set procedure or to schedule the magistration of a person arrested.

The Magistrates of Caldwell County, Texas consist of all the Justices of the Peace, and the County Court-at-Law Judge. No prosecutor or other individual is present during Magistration, except for the person arrested.

Magistration is not open to the public. Magistration is conducted every day, even on holidays. The Magistrate Judges set their schedule to rotate the magistration duties each week to be conducted at the county jail.

At Magistration, the Magistrate Judge will not ask for or receive a plea on the charged offense(s). Such pleas may only be received in the Court when and where the defendant's case is filed by the prosecutor. The District Court or County Court-at-Law are the Courts where a defendant will enter a plea to the crime with which they are charged.

A Motion to reduce bond, as in the *U.S. v. Chagra* case cited in your letter, will be heard in the appropriate court, which is open to the public in compliance with the Open Courts and Public Trial Requirements of the United States and Texas Constitution.

The Magistrate Judges have the following General Functions and Duties and as more particularly set out in the section on Magistrates Responsibilities in the Indigent Defense Commission Plans on file for Caldwell County.

The Magistrates:

    1. Determine probable cause. (If no probable cause exists, the individual arrested is released from custody).

    2. Inform Defendant of charges.

    3. Set amount of bail according to law and consider criminal history and the Public Safety Report System.

4. Advise Defendant of legal rights.

5. Provide indigency affidavit application (the determination of appointed Counsel will be made by the County Court-at-Law Judge for misdemeanor cases and by the District Judge for felony cases).

6. Issue appropriate bond condition orders.

7. Consider if personal bond is appropriate.

8. Adjust, modify, revoke and enforce bonds and bond conditions.

9. Enter data in the Public Safety Report System.

The Damon Allen Act of 2021 mandates that Magistrate Judges use the statewide Public Safety Report System as developed by the Texas Office of Court Administration, which enables a review of the defendant's criminal history as part of the safety risk assessment in setting bail. The PSRS system also generates summary reports of the magistration setting bail and includes bond conditions and warnings to be provided to the defendant magistrated. (See C.C.P. Art. 17.021 CODE OF CRIMINAL PROCEDURE CHAPTER 17. BAIL (texas.gov)).

The Magistrates of Caldwell County are maintaining the policy banning the public from observing magistration.

Sincerely,


**Barbara L Molina**

**Judge, Caldwell County Court At Law**

**1703 S. Colorado St., Box 11**

**Lockhart, Texas 78644**

**(512) 398-6527**



*This email message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential information. Unauthorized use or disclosure of confidential information is prohibited under Federal Law. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. Please contact the sender and delete all copies of the message, including attachments.*

[Quoted text hidden]