

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

October 24, 2023

Honorable Robert Pitman
United States District Court
Western District of Texas
501 West Fifth Street, Suite 5300
Austin, Texas 78701

      Re:   *Texas Tribune, et al. v. Caldwell County, Texas, et al.*, No. 1:23-cv-00910-RP

Dear Judge Pitman,

    We, the undersigned counsel, represent Plaintiffs in the above referenced action. Plaintiffs seek to vindicate their First Amendment right of access to bail hearings in Caldwell County, Texas. Defendants conduct these hearings daily, but always behind closed doors as a matter of policy. We write regarding Plaintiffs' motion for a preliminary injunction, filed on September 27, 2023 (Dkt. No. 16), to which Defendants did not respond. To prevent further irreparable harm, Plaintiffs respectfully request that the Court grant their preliminary injunction motion or take such other measures as the Court deems appropriate.

    Defendants were unquestionably aware of Plaintiffs' preliminary injunction motion but decided not to respond. On September 15, 2023, Plaintiffs' counsel informed Defendants' counsel, Eric Magee, of Plaintiffs' intent to file a preliminary injunction motion, and asked him his clients' position. He responded in writing on September 21, 2023, stating simply that Defendants opposed the motion, and then provided the basis for that position in a phone call with Plaintiffs' counsel the following day. Plaintiffs' counsel served Mr. Magee with the motion by email pursuant to his written consent. It appears that Mr. Magee also received notice via ECF, because the electronic notification listed him as a recipient.

    An evidentiary hearing on Plaintiffs' motion is not warranted given the absence of any factual disputes. As a general matter, "where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts

before a preliminary injunction may be granted." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (internal quotation marks omitted). Here, however, Defendants have not disputed any facts, nor have they disputed any of Plaintiffs' legal arguments.

Although Defendants filed an Answer on October 13, 2023 (Dkt. No. 17)—just two days after their response to Plaintiffs' preliminary injunction motion was due—the Answer "fail[s] to properly inform Plaintiffs about which issues are in contention," in violation of Rule 8(b). *Poole v. Dhiru Hospitality, LLC*, No. SA-18-CV-636-XR, 2018 WL 7297891, at *2 (W.D. Tex. Oct. 29, 2018). The Answer consists almost entirely of vague and conclusory denials of even the most basic allegations, admitting only that venue is proper and that the Complaint correctly sets forth the legal requirements of a state statute. (Dkt. No. 17). These deficiencies underscore Defendants' refusal to inform Plaintiffs or the Court of whether Defendants dispute any material facts.[1]

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a preliminary injunction or take such other measures as the Court deems appropriate to prevent further delay and injury to Plaintiffs.

/s/ *Scott Wilkens*
Scott Wilkens, *Pro Hac Vice*
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Plaintiffs*

/s/ *Camilla Hsu*
Camilla Hsu,
State Bar No. 24130207
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX  78752
(512) 637-5220 x111
chsu@fairdefense.org

*Counsel for Plaintiffs Mano Amiga
  and Caldwell/Hays Examiner*

---

[1] Plaintiffs will not move to strike the Answer in order to avoid any further delay in the adjudication of their preliminary injunction motion.