IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS TRIBUNE, MANO AMIGA, and CALDWELL/HAYS EXAMINER, Plaintiffs, | § § § § § § | |
| v. | § § | |
| CALDWELL COUNTY, TEXAS, TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, | § § § § § | Civil Action No. 1:23-cv-910 |
| MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and | § § § § § § | |
| MIKE LANE, in his official capacity as the Sheriff of Caldwell County, Defendants. | § § § § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, the Honorable Matty Kiely, the Honorable Shanna Conley, the Honorable Anita DeLeon, and the Honorable Yvette Mireles, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County, (hereinafter "Defendants") file this Motion to Dismiss Plaintiffs' Complaint and Response to Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs seek to enjoin Defendants "from enforcing [a] policy of closing magistration proceedings to the press and public, and from closing any arrestee's magistration without first

complying with all constitutional requirements." Dkt. No. 16 at 18.  Specifically, Plaintiffs request that the Court:  (1) "[d]eclare that Defendants' blanket closure of magistration  proceedings in Caldwell County violates Plaintiffs' First Amendment right of access to judicial proceedings and Plaintiffs' Fourteenth Amendment right to procedural due process;"  and (2) [r]equire Defendants to rescind their blanket closure policy and provide the press and public with access to all magistration proceedings, with closure of specific proceedings permitted only if Defendants meet the substantive and procedural requirements of the First and Fourteenth Amendments."  Dkt. 1 at 15.   Plaintiffs assert that the press and public have a First Amendment right to access to magistration and have a Fourteenth Amendment right to receive notice and an opportunity to be heard, "regarding any contemplated closure, finding that closure of the specific proceeding is narrowly tailored to serve a compelling interest, determining that any reasonable alternatives to closure would be inadequate, and justifying any closure with on-the-record factual findings specific enough to permit appellate review."  *Id*. at ¶¶ 47-54.  Plaintiffs state that they represent state and local publications and a criminal justice organization.

Plaintiffs lack standing in this matter. Plaintiffs' contention that they "suffer irreparable injury daily – each time the Magistrates conduct an arrestee's magistration behind closed doors" is not based on any statutory or constitutional provision that requires or provides the press and/or public access to "the person arrested … [being] taken before some magistrate of the county where the accused was arrested."  *See* Tex. Code Crim. Proc. Ann. Art. 14.06 and art. 15.17 (West). Plaintiffs' manufactured injury is insufficient to confer them with Article III standing.  Plaintiffs have failed to state a viable cause of action for which relief can be granted. For these reasons alone, Plaintiffs' claims must be dismissed and the Court should deny their Motion for Preliminary Injunction.

**S**TANDARD OF **R**EVIEW

**I.   M**OTION TO **D**ISMISS

    **A.   Federal Rule of Civil Procedure 12(b)(1)**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks dismissal based on the grounds that the court lacks subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*. (citation omitted).

**B. Federal Rule of Civil Procedure 12(c)**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir.1990) (per curiam). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir.2001). Courts evaluate a motion under Rule 12(c) using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes, 278 F.3d at 420*. "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999) (per curiam). However, the Court should not accept as true conclusory allegations or unwarranted deductions of fact. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002). A plaintiff's obligation is "to provide the 'grounds' of his entitlement to relief [and] requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 1964–65 (2007).

## II. PRELIMINARY INJUNCTION

The Fifth Circuit provides that "[a] preliminary injunction is an extraordinary remedy that

should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2)

a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury

outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the

injunction will not disserve the public interest." *Karaha Bodas Co. v. Perusahaan Pertambangan*

*Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir.2003) (citing *Canal Auth. v. Callaway,*

489 F.2d 567, 572 (5th Cir.1974)).  Specifically, preliminary injunctions are

> "extraordinary and drastic" remed[ies], not to be granted routinely but only when
> the movant, by a clear showing, carries a burden of persuasion" on all elements.
> *U.S. Bank Nat'l Ass'n. v. Lakeview Retail Prop. Owner, LLC*, 2016 WL 626548, at
> *3 (S.D. Miss. Feb. 16, 2016) (quoting *Black Fire Fighters Ass'n of Dallas v. City
> of Dallas, Tex.*, 905 F.2d 63 (5th Cir. 1990)); *see also Miss. Power & Light Co.*,
> 760 F.2d at 621 ("the decision to grant a preliminary injunction is to be treated as
> the exception rather than the rule"); *Trinity USA Operating, LLC v. Barker*, 844 F.
> Supp. 2d 781, 785 (S.D. Miss. 2011) ("the enormity of the relief is difficult to
> overstate"). To obtain pre-trial injunctive relief, the movant essentially must show
> "that [his] case is so particularly unusual, the strength of the case so particularly
> great, and the risk of incurable injury so particularly unbearable that the promise of
> a typical day in court ultimately will serve no practical purpose." *Trinity*, 844 F.
> Supp. 2d at 785. If the movant fails to carry its burden on any one of the four
> elements set forth above, the Court must deny the request for injunctive relief.
> *Enterprise Intern., Inc., v. Corp. Estatal Petrolera Ecuatoriana*, 764 F.2d 464, 472
> (5th Cir. 1985).

*Miller v. Mississippi Res., LLC*, No. 5:17-CV-41-DCB-MTP, 2017 WL 2772097, at *2 (S.D. Miss.

June 26, 2017).  Plaintiffs have not and cannot met their burden of demonstrating an entitlement

to this "extraordinary remedy."

**ARGUMENT**

**DUTIES OF AN ARRESTING OFFICER AND MAGISTRATE**

In Texas, an arresting officer or the person having custody of the arrestee shall take the arrestee or have him taken without unnecessary delay, but not later than 48 hours after the arrest, before the magistrate. The Texas Code of Criminal Procedure provides that when an arrest is made without a warrant,

> the person making the arrest or the person having custody of the person arrested shall take the person arrested or have him taken without unnecessary delay, but not later than 48 hours after the person is arrested, before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in any other county of this state. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

*See* Tex. Code Crim. Proc. Ann. Art. 14.06(a).  Similarly, Article 15.17 provides, in part, that:

> the person making the arrest or the person having custody of the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, to provide more expeditiously to the person arrested the warnings described by this article, before a magistrate in any other county of this state. The arrested person may be taken before the magistrate in person or the image of the arrested person may be presented to the magistrate by means of a videoconference.

*See* Tex. Code Crim. Proc. Ann. Art. 15.17(a).  The term "'videoconference' means a two-way electronic communication of image and sound between the arrested person and the magistrate and includes secure Internet videoconferencing." *Id.*

There is no statutory term or phrase for the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17.  Further, there is no statutory definition of a "magistration"; however, the Code of Criminal Procedure provides that "[i]t is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all

lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment." *Id.* at Art. 2.10. Further, the magistrate must perform those duties prescribed by Article 15.17 when an arrestee is taken before them. *Id.* at Art. 15.17.

The statutory language clearly provides that "[a] record of the communication between the arrested person and the magistrate shall be made. The record shall be preserved until the earlier of the following dates: (1) the date on which the pretrial hearing ends; or (2) the 91st day after the date on which the record is made if the person is charged with a misdemeanor or the 120th day after the date on which the record is made if the person is charged with a felony." *Id.* at Art. 15.17(a). The Texas Legislature determined that the "record … may consist of written forms, electronic recordings, or other documentation as authorized by procedures adopted in the county under Article 26.04(a)." *Id.* at Art. 15.17(f).

"It is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Adv. Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (citation omitted); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012) ("Words should be given 'their ordinary, everyday meanings,' " unless the lawmaking body has provided a specific definition, or "the context indicates they bear a technical sense."). In Texas,

> [u]ndefined terms in a statute are typically given their ordinary meaning, but if a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *In re Hall,* 286 S.W.3d 925, 928–29 (Tex.2009). And if a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *Mega Child Care,* 145 S.W.3d at 177. We further consider statutes as a whole rather than their isolated provisions. *City of Sunset Valley,* 146 S.W.3d at 642. We presume that the Legislature chooses a statute's language with care, including each word chosen for

a purpose, while purposefully omitting words not chosen. *In re M.N.,* 262 S.W.3d 799, 802 (Tex.2008).

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)

It is undisputed that the Texas Legislature has not defined the presentation of the arrestee before a magistrate as a "criminal proceeding", "criminal hearing" or "judicial proceeding"; instead, the Legislature clearly limits this "communication between the arrested person and the magistrate" to those duties prescribed in Article 15.17.  This procedure described in Article 15.17 is not arraignment in Texas. *Watson v. State*, 762 S.W.2d 591, 594 Fn. 4 (Tex. Crim. App. 1988).

> Chapter 26 of the Texas Code of Criminal Procedure provides for arraignment in all felony cases, *after indictment* and all misdemeanor cases punishable by imprisonment. *See* Article 26.01, V.A.C.C.P. And arraignment takes place for the purpose of fixing a defendant's identity and hearing his plea. *See* Article 26.02, V.A.C.C.P. The time of arraignment and other procedures are set forth in the various articles contained in the said Chapter 26. *See Bustillos v. State,* 490 S.W.2d 563 (Tex.Cr.App.1973); *Boening v. State,* 422 S.W.2d 469, 473 (Tex.Cr.App.1968). Thus the said statutory arraignment in Texas is to be distinguished from the procedure prescribed by Article 15.17, supra, and the use of the term "arraignment" for this latter procedure is misleading. Whether correct or not, the terms "magistratized" or "magistrated" have come into common vogue in the Texas legal world to describe the Article 15.17, supra, procedure.

*Id*. Further, the procedures for the magistrate pursuant to Article 15.17 do not require or provide for access to the press and/or public at the presentation of an arrestee before the magistrate nor is there any provision for the press and/or public to receive notice or an opportunity to be heard related to the date, time, or location of the presentation of an arrestee before the magistrate. The only statutory requirement is that if the magistrate decides to utilize videoconferencing that the communication between the arrestee and the magistrate be a secure Internet videoconferencing with two-way electronic communication of image and sound between the arrested person and the magistrate.  Tex. Code Crim. Proc. Ann. Art. 15.17(a).  Finally, there is no statutory provision

prescribing a specific location for the presentation of an arrestee (in person or videoconference) before the magistrate – only that the arrestee be "taken without unnecessary delay, but not later than 48 hours after the person is arrested." *Id*.

It is clear that the substance of Plaintiffs' claims is an attempt to challenge a state statute, Texas Code of Criminal Procedure, Article 15.17, disguised as a claim against Defendants. Further, Plaintiffs would have the Court essentially issue an advisory opinion interpreting Article 15.17 and engraft additional "mandates" into Article 15.17. Plaintiffs have failed to provide any case precedent establishing that the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17 requires that the press and public have access to the "communication between the arrestee and the magistrate" or notice and an opportunity to be heard related to not having access to be present during these communications.

## I. PLAINTIFFS' LACK ARTICLE III STANDING

The subject-matter jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 541–42 (5th Cir. 2022) (*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Specifically, Plaintiffs "must demonstrate 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id.*; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

The courts have determined that the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561). At the preliminary-injunction stage, "the plaintiffs must make a 'clear

showing' that they have standing to maintain the preliminary injunction." *Id*. (*quoting Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (quoting *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734 (2008)(internal citation omitted).

As demonstrated in Plaintiffs' Motion, Plaintiffs rely heavily on *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983). *Chagra* concerned a federal criminal proceeding before a United States Magistrate Judge concerning a bail reduction hearing. Following the April 15, 1982, indictment of El Paso attorney Joseph S. Chagra, his brother Jamiel A. ("Jimmy") Chagra, his brother's wife, Elizabeth Nichols Chagra, Charles Harrelson, and Harrelson's wife, Jo Ann Harrelson alleging that they conspired to murder United Stated District Judge John H. Wood, Jr., Chagra filed a motion to reduce the $1,500,000 bail set in the case involving the murder of Judge Wood and the $100,000 bail set in the income tax case. *Id*. at 356. A portion of the bail reduction hearing was ordered closed by the United States Magistrate Judge presiding over the hearing and the San Antonio Light and the San Antonio Express News objected to the closure of the hearing. *Id*. In *Chagra*, the Fifth Circuit noted that

> [i]n the case of state offenses a common procedure is for a nonjudicial officer, such as the police desk sergeant, to set bail in accordance with a fixed schedule. Even in the federal system, magistrates do not always make the bail determination in open court. Their decision may also be made at home or in chambers. **State magistrates sometimes fix amounts at the police station, or during telephonic communications with the jail.** These informal procedures serve an important purpose. They allow the expeditious release of the defendant.

*Id*. at 363 (emphasis added). Therefore, "nothing in this opinion should be construed as forbidding the more informal bail procedures discussed above." *Id.* at 364 (emphasis added).

It is undisputed that *Chagra* did not involve a challenge to the procedures prescribed by the Texas Legislature in Texas Code of Criminal Procedure, Article 15.17 for presentation of an

arrestee before the magistrate. It is clear that the bail in *Chagra* was not a state magistrate.  Further, the reasoning and decision in *Chagra* supports the informal bail procedures employed under Article 15.17 and refute the contentions of Plaintiffs that they have a constitutional right to participate in such informal proceedings.

## II.  PLAINTIFFS DO NOT STATE VIABLE CLAIMS FOR ALLEGED VIOLATIONS UNDER THE FIRST AND FOURTEENTH AMENDMENTS AND IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

As shown above, Plaintiffs have failed to establish any First Amendment right of access to the informal procedures required by Texas Code of Criminal Procedure, Article 15.17 for presentation of an arrestee before the magistrate.  Further, Plaintiffs cannot establish an entitlement to a right pursuant to the Fourteenth Amendment to receive notice or an opportunity to be heard concerning the location of and their access to the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17.  It is undisputed that these informal procedures only entail those duties[1] prescribed by Texas Code of Criminal Procedure, Article 15.17; therefore, such informal procedures are not defined as "hearings" or "criminal proceedings" where the arrestee is represented by counsel, has the opportunity to present evidence and arguments to the trial court, or cross-examine witnesses.  Plaintiffs fail to plead facts demonstrating that presentation of an arrestee before the magistrate pursuant to Texas Code of Criminal Procedure, Articles 14.06 and 15.17 requires that the press and public have access to attend.  As such, Plaintiffs are not entitled in injunctive relief and all claims asserted by Plaintiffs should be dismissed as they have failed to state a claim.

---

[1] informing the arrestee, in part, "of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial… of his right to request the appointment of counsel…." Tex. Code Crim. Proc. Ann. Art. 15.17.

**CONCLUSION**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against these Defendants because their claims are not ripe and because they have failed to plead any causal link between an alleged injury and these Defendants. Therefore, the Court should dismiss Plaintiffs' claim against the Defendants.

WHEREFORE, PREMISES CONSIDERED, Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, the Honorable Matty Kiely, the Honorable Shanna Conley, the Honorable Anita DeLeon, and the Honorable Yvette Mireles, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County, pray that their motion be granted, that Plaintiffs' claims be dismissed without prejudice, and for such relief, both general and special, at law or in equity, to which they are justly entitled.

/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 30th day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

Camilla Hsu
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX 78752
(512) 637-5220 x111
chsu@fairdefense.org
Counsel for Plaintiffs Mano Amiga
and Caldwell/Hays Examiner

Scott Wilkens
Evan Welber Falcón
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org
Counsel for Plaintiffs

Julie A. Ford (07240500)
George Brothers Kincaid & Horton, LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1448
Jford@gbkh.com
Counsel for Plaintiff Texas Tribune

/s/ J. Eric Magee_____
J. Eric Magee