**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| TEXAS TRIBUNE, MANO AMIGA, CALDWELL/HAYS EXAMINER, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> CALDWELL COUNTY, TEXAS, *et al.*, <br><br>　　　　Defendants. | Civil Action No. 1:23-cv-910-RP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Camilla Hsu (24130207)
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX 78752
(512) 637-5220 x111
chsu@fairdefense.org

*Counsel for Plaintiffs Mano Amiga and*
　*Caldwell/Hays Examiner*

Julie A. Ford (07240500)
George Brothers Kincaid & Horton, LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1448
Jford@gbkh.com

*Counsel for Plaintiff Texas Tribune*

Scott Wilkens (*Pro Hac Vice*)
Knight First Amendment Institute
　at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

    I.    Defendants' Motion for Judgment on the Pleadings is baseless. .................................... 1

    II.   Plaintiffs are entitled to a preliminary injunction. ......................................................... 3

CONCLUSION ............................................................................................................................... 5

CERTIFICATE OF SERVICE ....................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Galveston Cty.*, No. 3:18-CV-00104, 2019 WL 4305457 (S.D. Tex. Sept. 11, 2019) .................................................................................................................. 3

*Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 895 F. Supp. 1463 (D. Kan. 1995) ...................................................................................................... 2

*Hokr v. State of Texas*, 545 S.W.2d 463 (Tex. Crim. App. 1977) ..................................... 4

*In re Hearst Newspapers, L.L.C.*, 641 F.3d 168 (5th Cir. 2011) ....................................... 4

*Oliver v. City of Brandon*, No. 22-60566, 2023 WL 5500223 (5th Cir., Aug. 25, 2023) ................................................................................................................... 2

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) .......................................... 4

*Rothgery v. Gillespie County*, 554 U.S. 191 (2008) .................................................... 3, 4

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983) .............................................. 3, 4

*United States v. Green*, 508 F.3d 195 (5th Cir. 2007) ................................................ 2, 3

*United States v. Texas*, 143 S. Ct. 1966 (2023) ............................................................... 2

**Statutes**

Tex. Crim. P. Code, Art. 15.17 ........................................................................................ 4

**ARGUMENT**

Defendants' Motion for Judgment on the Pleadings and their Opposition to Plaintiffs' Motion for a Preliminary Injunction—presented as a single brief—are wholly without merit. In moving for judgment on the pleadings, Defendants challenge Plaintiffs' Article III standing, but rely on a deeply-flawed, circular argument—that Plaintiffs' lack standing to bring a First Amendment right-of-access challenge because they have no right of access. Dkt. 20 at 2, 9–11.

Defendants fare no better in opposing Plaintiffs' preliminary injunction motion. They do not dispute a single fact set forth by Plaintiffs, nor do they proffer any facts of their own, even on the question of whether they would be harmed by a preliminary injunction. As for the law, Defendants barely mention the First Amendment right of access, never mention the governing "experience and logic test," and, with but one exception, never respond to Plaintiffs' legal arguments or mention the U.S. Supreme Court, federal circuit court, or state supreme court cases on which Plaintiffs rely. Dkt. 20 at 6–12. In addition, Defendants never refer to the preliminary injunction factors, except in reciting the legal standard. *Id.* at 5–12. Nevertheless, their brief could be interpreted as challenging Plaintiffs' likelihood of success on the merits. That argument fails, however, for the reasons set forth below. *Id.* at 10–11. In addition, Defendants' injury-in-fact argument could be interpreted as challenging Plaintiffs' irreparable injury, but this argument also fails. Finally, Defendants never address and therefore concede that the balance of hardships and public interest favor Plaintiffs.

**I.     Defendants' Motion for Judgment on the Pleadings is baseless.**

Defendants' sole argument in support of their motion for judgment on the pleadings is that Plaintiffs lack Article III standing. That is plainly incorrect. Plaintiffs have "show[n] an injury in fact caused by [D]efendant[s] and redressable by a court order." *United States v. Texas*, 143 S. Ct.

1966, 1970 (2023). Plaintiffs suffer injuries daily—each time Defendants conduct an arrestee's magistration behind closed doors. Dkt. 1 at 8–10, 13. Defendants cause these injuries because they promulgated and maintain a policy of closing all magistration proceedings to the press and public. *Id*. Finally, these injuries would be redressed by the declaratory and injunctive relief Plaintiffs seek. *Id.* at 14–15.

Defendants assert that Plaintiffs have not shown an injury in fact because there is no "constitutional provision that requires or provides the press and/or public with access" to magistration. Dkt. 10 at 2; *see also id.* at 9–11. As noted above, this reasoning is fundamentally flawed because it requires a determination of the merits before addressing standing. *See, e.g., Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 895 F. Supp. 1463, 1467–68 (D. Kan. 1995). The proper approach is to "[a]ssum[e] that a constitutional violation occurred." *Id.* at 1468.

At the very end of their brief, Defendants assert, without more, that Plaintiffs "have failed to plead any causal link between an alleged injury and these Defendants." Dkt. 20 at 12. This argument should be rejected as inadequately briefed. *See, e.g., United States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007) (deeming an "assert[ion] in a single sentence at the end of [a party's] opening brief" to be "waived for inadequate briefing").[1] In any event, it has no merit. Plaintiffs specifically alleged that Defendants promulgated and maintain a blanket policy of closing all magistration proceedings to the press and public, and that Defendants have confirmed their adherence to this policy to Plaintiffs on several occasions, including in writing. Dkt. 1 at 9–13.

---

[1] In the same conclusory manner, Defendants assert that Plaintiffs have "failed to state a claim" and that their "claims are not ripe." Dkt. 20 at 11-12. These assertions also should be deemed waived for inadequate briefing, *see Green*, 508 F.3d at 203, but lack merit in any event. As clearly shown in the complaint, Plaintiffs' have stated claims upon which relief can be granted, and their claims are neither "abstract" nor "hypothetical." *Oliver v. City of Brandon*, No. 22-60566, 2023 WL 5500223, at *3 (5th Cir., Aug. 25, 2023); *see also* Dkt. 1.

## II.   Plaintiffs are entitled to a preliminary injunction.

As shown in Plaintiffs' opening brief and supporting declarations, all four preliminary injunction factors weigh heavily in their favor. Defendants do not dispute this, with one exception. Although Defendants do not refer to the first preliminary injunction factor, they appear to argue that Plaintiffs have not shown a likelihood of success on the merits because, under *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983), there is no First Amendment right of access to "informal procedures," including magistration. Dkt. 20 at 11.[2] Defendants point to *Chagra's* statement that although the press and public have a First Amendment right of acess to bail hearings, "nothing in this opinion should be construed as forbidding . . . informal bail procedures." *Id.* at 10 (quoting *Chagra*, 701 F.2d at 364). Defendants also point to *Chagra's* description of such procedures as including "'[s]tate magistrates sometimes fix[ing] [bail] amounts at the police station, or during telephonic communications with the jail.'" *Id.* (quoting *Chagra*, 701 F.2d at 363).

This argument is fundamentally misplaced. As a threshold matter, the part of the *Chagra* opinion Defendants rely on is dicta, because "informal procedures" were not at issue in that case. In any event, magistration cannot plausibly be characterized as an "informal procedure." The Supreme Court held 25 years after *Chagra* that magistration is a "formal proceeding"—the "first formal proceeding" in a criminal prosecution and therefore the point at which the right to counsel attaches. *Rothgery v. Gillespie County*, 554 U.S. 191, 203 (2008).[3] It is not an ad hoc practice like

---

[2] Defendants' injury-in-fact argument could be interpreted as an irreparable harm argument, *see* Dkt. 20 at 2, but even if it were, that argument should be deemed waived as inadequately briefed. *See Green*, 508 F.3d at 203. In any event, it does not respond to or call into question the facts or legal arguments set forth in Plaintiffs' opening brief. Dkt. 16 at 5–6, 15–16.

[3] *Rothgery* refers to the proceeding set forth in Article 15.17 of the Texas Code of Criminal Procedure, 554 U.S. at 195, which is the proceeding commonly referred to as magistration. *Booth v. Galveston Cty.*, No. 3:18-CV-00104, 2019 WL 4305457, at *4 n.4 (S.D. Tex. Sept. 11, 2019). Notably, the magistration in *Rothgery* took place in the Gillespie County jail, with the

3

"*sometimes* fix[ing] [bail] amounts at the police station, or during telephonic communications with the jail." *Chagra*, 701 F.2d at 363 (emphasis added). Instead, as Defendants concede, magistration is the rule not the exception, and always involves "the presentation of the arrestee before a magistrate," who performs statutorily prescribed "duties." Dkt. 20 at 11 & n.1; *see also* Tex. Crim. P. Code, Art. 15.17(a)); *Hokr v. State of Texas*, 545 S.W.2d 463, 465 (Tex. Crim. App. 1977) (state law authorizes law enforcement officers to set bail in certain circumstances, but only if a magistrate is unavailable).[4]

Even if magistration were considered an "informal procedure," interpreting *Chagra* as Defendants suggest would put the decision in direct conflict with *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), and its progeny. Defendants appear to interpret *Chagra* to mean that the First Amendment right of access does not extend to informal procedures because they take place outside public view.[5] The First Amendment right of access to a judicial proceeding cannot turn on whether the jurisdiction in question chooses to conduct the proceeding in a closed location, where by definition no members of the press or public are present. To hold otherwise would result

---

arrestee and magistrate communicating through a "little glass window." Brief for Respondent, *Rothgery v. Gillespie County*, 554 U.S. 191 (2008), 2008 WL 467891, at *5 (Feb. 15, 2008).

[4] Defendants also appear to argue that magistration is an informal procedure because "the Texas Legislature has not defined [it] as a 'criminal proceeding', 'criminal hearing' or 'judicial proceeding' . . . where the arrestee is represented by counsel, has the opportunity to present evidence and arguments to the trial court, or cross-examine witnesses." Dkt. 20 at 8, 11. That argument is foreclosed by *Rothgery*, which made clear that magistration is a formal proceeding even though "Texas law has no formal label for [it]," and even though no "public prosecutor . . . [is] aware of [it] or involved in its conduct." *Rothgery*, 554 U.S. at 194–95.

[5] In excluding informal bail procedures from the scope of its holding, *Chagra* explained that "the right of access extends no farther than the persons actually present at the time the motion [for bail] is made." 701 F.2d at 364 (internal quotation marks and citation omitted). Even if sound at the time, this legal proposition was squarely rejected by the Fifth Circuit in *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 181–83 (5th Cir. 2011), where the court held that the First Amendment right of access extends not just to those who happen to be in the courtroom when a closure motion is made, but to the press and public generally.

in circular reasoning—"the public has no right of access because it has no access"—and would give the government license to evade the First Amendment right of access and undermine the societal interests it is meant to serve.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court deny Defendants' motion for judgment on the pleadings and grant Plaintiffs' motion for a preliminary injunction. Given that Defendants do not dispute a single fact or proffer any facts of their own, Plaintiffs respectfully submit that there is no reason for the parties to present evidence at the preliminary injunction hearing currently scheduled for November 29. Dkt. 21.

Dated: November 6, 2023

/s/ Camilla Hsu
Camilla Hsu (24130207)
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX 78752
(512) 637-5220 x111
chsu@fairdefense.org

*Counsel for Plaintiffs Mano Amiga and Caldwell/Hays Examiner*

/s/ Julie A. Ford
Julie A. Ford (07240500)
George Brothers Kincaid & Horton, LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1448
Jford@gbkh.com

*Counsel for Plaintiff Texas Tribune*

Respectfully submitted,

/s/ Scott Wilkens
Scott Wilkens (*Pro Hac Vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Dated: November 6, 2023                    /s/ *Scott Wilkens*
                                            Scott Wilkens (*Pro Hac Vice*)
                                            Knight First Amendment Institute
                                             at Columbia University
                                            475 Riverside Drive, Suite 302
                                            New York, NY 10115
                                            (646) 745-8500
                                            scott.wilkens@knightcolumbia.org

                                            *Counsel for Plaintiffs*