IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS TRIBUNE, MANO AMIGA, and CALDWELL/HAYS EXAMINER, Plaintiffs, | § § § § | |
| v. | § § | |
| CALDWELL COUNTY, TEXAS, TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, | § § § § § | Civil Action No. 1:23-cv-910 |
| MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and | § § § § § § | |
| MIKE LANE, in his official capacity as the Sheriff of Caldwell County, Defendants. | § § § | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, the Honorable Matty Kiely, the Honorable Shanna Conley, the Honorable Anita DeLeon, and the Honorable Yvette Mireles, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell County, (hereinafter "Defendants") file this Reply to Plaintiffs' Response in Opposition to the Motion to Dismiss Plaintiffs' Complaint and Response to Plaintiffs' Motion for Preliminary Injunction.

Defendants incorporate all arguments asserted in their Motion to Dismiss Plaintiffs' Complaint and Response to Plaintiffs' Motion for Preliminary Injunction Judgment. Defendants assert that this matter should be dismissed in its entirety and offer this additional reply.

In their Response, Plaintiffs rely (and also their Motion for a Preliminary Injunction) heavily on *Richmond Newspapers, Inc. v. Virgina* and *Rothgery v. Gillespie County* to assert that they have a First Amendment right of access to the informal process prescribed by Article 15.17 when an arrestee is taken before a magistrate.     Tex. Code Crim. Proc. Ann. Art. 15.17. Specifically, Plaintiff states that "[e]ven if magistration were considered an 'informal procedure, interpreting *Chargra* as Defendants suggest would put the decision in direct conflict with *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980), and its progeny." Dkt. No. 22 at 4. Further, Plaintiffs attempt to divert the Court's review stating that "*Rothgery* refers to the proceeding set forth in Article 15.17 of the Texas Code of Criminal Procedure … which is the proceeding commonly referred to as magistration…. Notably, the magistration in *Rothgery* took place in the Gillespie County jail, with the arrestee and magistrate communicating through a "little glass window." Dkt. No. 22 at FN 3, pg. 3-4.

In *Richmond Newspapers, Inc.,* the Supreme Court addressed the closure of the fourth[1] criminal trial concerning the murder charge of the accused, "Stevenson was indicted for the murder

---

[1] "[T]he defendant's conviction after the first trial having been reversed on appeal, and two subsequent retrials having ended in mistrials), the Virginia trial court granted defense counsel's motion that the trial be closed to the public without any objections having been made by the prosecutor or by appellants, a newspaper and two of its reporters who were present in the courtroom, defense counsel having stated that he did not "want any information being shuffled back and forth when we have a recess as to . . . who testified to what." Later that same day, however, the trial judge granted appellant's request for a hearing on a motion to vacate the closure order, and appellants' counsel contended that constitutional considerations mandated that before ordering closure the court should first decide that the defendant's rights could be protected in no other way. But the trial judge denied the motion, saying that if he felt that the defendant's rights were infringed in any way and others' rights were not overriden he was inclined to order closure, and ordered the trial to continue "with the press and public excluded." The next day, the court granted defendant's motion to strike the prosecution's evidence, excused the jury, and found the defendant not guilty. Thereafter, the court granted appellants' motion to intervene *nunc pro tunc* in the case, and the Virginia Supreme Court dismissed their mandamus and prohibition petitions and, finding no reversible error, denied their petition for appeal from the closure order." *Id*. at 555.

of a hotel manager who had been found stabbed to death on December 2, 1975." *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 559 (1980).  The Supreme Court determined that "there was a guaranteed right of the public under the First and Fourteenth Amendments to attend" a criminal trial.  *Id*. at 580.  The Court reviewed the closure order challenged by the newspaper and two of its reporters who were present in the courtroom.  The Court determined that "[d]espite the fact that this was the fourth trial of the accused, the trial judge made no findings to support closure[2]; no inquiry was made as to whether alternative solutions would have met the need to ensure fairness; there was no recognition of any right under the Constitution for the public or press to attend the trial." *Id.* at 580-581.

It is undisputed that *Richmond Newspapers, Inc.* did not involve a challenge to the procedures prescribed by the Texas Legislature in Texas Code of Criminal Procedure, Article 15.17 for presentation of an arrestee before the magistrate. Further, the reasoning and decision in *Richmond Newspapers, Inc.* does not support Plaintiffs' arguments for a preliminary injunction concerning the informal bail procedures employed under Article 15.17.  Finally, Plaintiffs have not demonstrated that *Richmond Newspapers, Inc.* and its progeny establish a constitutional right to participate in the Article 15.17 informal bail procedures.

Similarly, Plaintiffs fail to accurately discuss the facts and issue on appeal before the Supreme Court in *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191(2008).  *Rothgery* is a narrow decision limited to review of whether "the Sixth Amendment right to counsel did [or did] not attach at the article 15.17 hearing." *Id.* The Supreme Court did not discuss any right of the public or press

---

[2] "There was no suggestion that any problems with witnesses could not have been dealt with by their exclusion from the courtroom or their sequestration during the trial. Nor is there anything to indicate that sequestration of the jurors would not have guarded against their being subjected to any improper information. All of the alternatives admittedly present difficulties for trial courts, but none of the factors relied on here was beyond the realm of the manageable. Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public."  *Id.* at 581 (internal citations omitted).

to participate in the presentation of the arrestee before a magistrate pursuant to Article 15.17. *Id.*

The Court stated that "[t]he issue is whether Texas's article 15.17 hearing marks that point, with

the consequent state obligation to appoint counsel within a reasonable time once a request for

assistance is made." *Id.* at 198. The Court ordered the following:

> Our holding is narrow. We do not decide whether the 6–month delay in
> appointment of counsel resulted in prejudice to Rothgery's Sixth Amendment
> rights, and have no occasion to consider what standards should apply in deciding
> this. We merely reaffirm what we have held before and what an overwhelming
> majority of American jurisdictions understand in practice: a criminal defendant's
> initial appearance before a judicial officer, where he learns the charge against him
> and his liberty is subject to restriction, marks the start of adversary judicial
> proceedings that trigger attachment of the Sixth Amendment right to counsel.
> Because the Fifth Circuit came to a different conclusion on this threshold issue, its
> judgment is vacated, and the case is remanded for further proceedings consistent
> with this opinion.

*Id.* at 213. Therefore, Plaintiffs have failed to establish that Rothgery provides any support for

their contention of a right of the public or press to participate in the presentation of the arrestee

before a magistrate pursuant to Article 15.17. It is undisputed that Texas Code of Criminal

Procedure, Art. 15.17 requires the magistrate to inform in clear language the person arrested

> of his right to retain counsel, of his right to remain silent, of his right to have an
> attorney present during any interview with peace officers or attorneys representing
> the state, of his right to terminate the interview at any time, and of his right to have
> an examining trial. The magistrate shall also inform the person arrested of the
> person's right to request the appointment of counsel if the person cannot afford
> counsel. The magistrate shall inform the person arrested of the procedures for
> requesting appointment of counsel. If applicable, the magistrate shall inform the
> person that the person may file the affidavit described by Article 17.028(f). If the
> person does not speak and understand the English language or is deaf, the
> magistrate shall inform the person in a manner consistent with Articles 38.30 and
> 38.31, as appropriate. The magistrate shall ensure that reasonable assistance in
> completing the necessary forms for requesting appointment of counsel is provided
> to the person at the same time. If the person arrested is indigent and requests
> appointment of counsel and if the magistrate is authorized under Article 26.04 to
> appoint counsel for indigent defendants in the county, the magistrate shall appoint
> counsel in accordance with Article 1.051. If the magistrate is not authorized to
> appoint counsel, the magistrate shall without unnecessary delay, but not later than
> 24 hours after the person arrested requests appointment of counsel, transmit, or

cause to be transmitted to the court or to the courts' designee authorized under Article 26.04 to appoint counsel in the county, the forms requesting the appointment of counsel.

Tex. Code Crim. Proc. Ann. Art. 15.17(a), in part.  The Sixth Amendment's right of the accused to assistance of counsel in all criminal prosecutions is not an issue in this matter.

As previous stated, Plaintiffs cannot establish an entitlement to a right pursuant to the Fourteenth Amendment to receive notice or an opportunity to be heard concerning the location of and their access to the presentation of the arrestee before a magistrate as described in Texas Code of Criminal Procedure, Articles 14.06 and 15.17.  It is undisputed that these informal procedures only entail those duties[3] prescribed by Texas Code of Criminal Procedure, Article 15.17.  Such informal procedures are not defined as "hearings" or "criminal proceedings" where the arrestee is represented by counsel, has the opportunity to present evidence and arguments to the trial court, or cross-examine witnesses.

Plaintiffs fail to plead facts demonstrating that presentation of an arrestee before the magistrate pursuant to Texas Code of Criminal Procedure, Articles 14.06 and 15.17 requires that the press and public have access to attend.  As such, Plaintiffs are not entitled to injunctive relief and all claims asserted by Plaintiffs should be dismissed as they have failed to state a claim.

### Prayer

Defendants Caldwell County, Texas, the Honorable Trey Hicks, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate, the Honorable Matty Kiely, the Honorable Shanna Conley, the Honorable Anita DeLeon, and the Honorable Yvette Mireles, in their official capacities as Caldwell County Justices of the Peace and Caldwell County

---

[3] informing the arrestee, in part, "of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial… of his right to request the appointment of counsel…." Tex. Code Crim. Proc. Ann. Art. 15.17.

Magistrates, and the Honorable Mike Lane, in his official capacity as the Sheriff of Caldwell

County, request that their motion be granted, that Plaintiffs' claims be dismissed without prejudice,

and for such relief, both general and special, at law or in equity, to which they are justly entitled.


/s/ J. Eric Magee_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of November 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.

Camilla Hsu
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX 78752
(512) 637-5220 x111
chsu@fairdefense.org
Counsel for Plaintiffs Mano Amiga
and Caldwell/Hays Examiner

Scott Wilkens
Evan Welber Falcón
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org
Counsel for Plaintiffs

Julie A. Ford
George Brothers Kincaid & Horton, LLP
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1448
Jford@gbkh.com
Counsel for Plaintiff Texas Tribune

                                        /s/ J. Eric Magee_____
                                        J. Eric Magee