**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| TEXAS TRIBUNE, MANO AMIGA, and CALDWELL/HAYS EXAMINER,<br><br>        Plaintiffs,<br><br>   v.<br><br>CALDWELL COUNTY, TEXAS,<br><br>TREY HICKS, in his official capacity as Caldwell County Court at Law Judge and Caldwell County Magistrate,<br><br>MATT KIELY, SHANNA CONLEY, ANITA DELEON, and YVETTE MIRELES, in their official capacities as Caldwell County Justices of the Peace and Caldwell County Magistrates, and<br><br>MIKE LANE, in his official capacity as the Sheriff of Caldwell County,<br><br>        Defendants. | **Civil Action No. 1:23-cv-910-RP** |

---

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

---

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   Plaintiffs assert constitutional claims under Section 1983 for First and Fourteenth Amendment violations against all Defendants. Plaintiffs' First Amendment rights were violated because Defendants deprived Plaintiffs of their right to access magistration proceedings. Plaintiffs' First and Fourteenth Amendment rights are violated because Defendants deprived Plaintiffs of their right to notice and an opportunity to be heard before closing any magistration proceeding.

   Defendants assert that Plaintiffs have not and cannot establish an entitlement to pursuant to the First Amendment of a right of access to judicial proceedings or pursuant to the Fourteenth Amendment of a right to procedural due process. Defendants have fully complied with the statutory requirements and constitutional provisions related to taking a person arrested before some magistrate of the county pursuant to Texas Code of Criminal Procedure, Articles 14.06 and 15.17. Further,

1

Defendants assert that Texas Code of Criminal Procedure, Articles 14.06 and 15.17 do not require that the press and public have access to attend or notice of when a person arrested is taken before the magistrate.

2. Are there any outstanding jurisdictional issues?

Plaintiffs assert that there are no outstanding jurisdictional issues. The Court resolved Defendants' jurisdictional challenge when it denied Defendants' motion pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(1), *see* Dkt. 30.

Defendants do not waive any jurisdictional arguments concerning Plaintiffs' failure to allege a First Amendment right of access to the procedures of Texas Code of Criminal Procedure, Articles 14.06 and 15.17 and failure to allege a Fourteenth Amendment right to procedural due process related to the procedures of Texas Code of Criminal Procedure, Articles 14.06 and 15.17.

3. Are there any unserved parties?

There are no unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

The parties may be able to stipulate to facts at least with respect to the processes of taking a person arrested before some magistrate of Caldwell County pursuant to Texas Code of Criminal Procedure, Articles 14.06 and 15.17.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

The parties have not identified legal issues that can be narrowed by agreement or motion.

6. Are there any issues about preservation of discoverable information?

There are no known issues about preservation of discoverable information.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

There are no known issues about disclosure or discovery of electronically stored information. The parties are negotiating an ESI protocol. As a general matter, they agree that electronically-stored information, if any, should be produced in its original (native) format and will include metadata.

8. What are the subjects on which discovery may be needed?

Depending on whether stipulations of fact can be reached, discovery may be needed

on the following topics: (a) how magistration is conducted in Caldwell County, including the blanket closure of magistration and the physical spaces in which it is held; (b) Plaintiffs' requests to gain access to magistration and Defendants' refusal to provide access; and (c) the harms to Plaintiffs caused by closure of magistration.

Defendants anticipate discovery related to Plaintiffs' assertion that: (1) they have a First Amendment right of access to magistration proceedings; (2) they have a Fourteenth Amendment right to procedural due process; and (3) the press and public with access to all magistration proceedings.

9.  Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

    Initial disclosures have not been made. No changes should be made in the timing, form, or requirement for initial disclosures.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

    Discovery has not commenced. The parties agree discovery can be completed by August 30, 2024. The parties have considered conducting discovery in phases and agreeing to limit discovery and believe that neither is needed.

11. What, if any, discovery disputes exist?

    There are no discovery disputes at this time.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    The parties intend to submit a stipulated Protective Order and ESI Protocol that will include provisions relating to material subject to FRE 502.

13. Have the parties discussed early mediation?

    The parties have discussed mediation and will continue discussions as discovery proceeds in this matter.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

    The parties have discussed seeking entry of a confidentiality and protective order. The parties intend to submit a proposed Protective Order and ESI Protocol. There are no other scheduling or discovery items that require the court's attention at this time.

DATED: February 27, 2024

/s/ *Camilla Hsu*
Camilla Hsu
State Bar No. 24130207
Texas Fair Defense Project
314 E. Highland Mall Blvd., Suite 204
Austin, TX 78752
(512) 637-5220 x111
chsu@fairdefense.org
*Counsel for Plaintiffs Mano Amiga*
*and Caldwell/Hays Examiner*

/s/ *Scott Wilkens*
Scott Wilkens, *Pro Hac Vice*
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org
*Counsel for Plaintiffs*

/s/ *J. Eric Magee*
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Susana Naranjo-Padron
SBN: 24105688
s.naranjo-padron@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
*Counsel for Defendants*